Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.: (562) 590-5550
Facsimile No.: (562) 590-8400

Attorneys for Plaintiff KYANA RAMPLEY, individually and on behalf of all employees similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYANA RAMPLEY, individually and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAR VALLEY COMMUNITY HEALTHCARE DISTRICT, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>1. Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KYANA RAMPLEY (hereinafter "Plaintiff"), individually and on behalf of all other similarly situated hourly non-exempt employees, hereby complains against Defendants, BEAR VALLEY COMMUNITY HEALTHCARE DISTRICT, and DOES 1-10, inclusive (hereinafter collectively referred to as "Defendants"), and on information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action seeking recovery of unpaid wages and overtime compensation by Plaintiff on behalf of all employees similarly situated. Plaintiff alleges that Defendants' failure to pay overtime was, and continues to be, in violation of the Fair Labor Standards Act ("FLSA"), Title 29 of the United States Code, sections 201, *et seq*.

2. Plaintiff brings this action on behalf of the FLSA Collective Class, which consists of all non-exempt employees of Defendants, who were not fully compensated for all work performed by Defendants, in the three-year period preceding the filing of this complaint, through entry of judgment (the "Relevant Time Period.") Plaintiff seeks recovery of damages for Defendants' failure to pay overtime wages pursuant to the FLSA, 29 U.S.C. sections 207, and 29 C.F.R. section 778.315.

3. Plaintiff and the FLSA Collective Class regularly worked in excess of forty (40) hour per week for Defendants. Plaintiff alleges that Defendants failed to include all renumeration (bonuses and shift differential rate(s)) when calculating their regular rate due to them for payment of overtime hours worked.

4. At all relevant times herein, Defendants have consistently maintained and enforced against Plaintiff and the FLSA Collective Class the following unlawful practices and policies: (1) willfully refusing to pay Plaintiff and the FLSA Collective Class at the proper overtime rate of pay for all hours worked.

/ / /

/ / /

## JURISDICTION AND VENUE

5. Title 28 of the United States Code, section 1331, grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." This action is brought pursuant to rights granted under the FLSA, Title 29 of the United States Code, section 201, *et seq*. This Court accordingly has subject matter jurisdiction pursuant to Plaintiff's assertion of rights arising under the laws of the United States.

6. Title 29 of the United States Code, section 1391, subdivision (b), allows a Plaintiff to lay venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located…" *Id*. Defendants are all residents of the State of California, and the County resides within the Central District of California. Accordingly, venue within the Central District is proper as to all Defendants.

## THE PARTIES

**A.     The Plaintiff**

7. Plaintiff KYANA RAMPLEY is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a California resident. Plaintiff was employed by Defendants to perform duties at Bear Valley Community Hospital in the city of Big Bear Lake, California. Plaintiff performed duties at Bear Valley Community Hospital from on or about October 2017, through March 2021. At all relevant times herein, Plaintiff was employed by Defendants in a non-exempt hourly position as phlebotomist.

8. Each member of the FLSA Collective Class is an identifiable, current and/or former similarly-situated person employed by Defendants as a non-exempt employee during the Relevant Time Period.

**B.     The Defendants**

9. Defendant BEAR VALLEY COMMUNITY HEALTHCARE DISTRICT ("Defendants" or "Bear Valley") is and/or was the employer of Plaintiff

and the FLSA Collective Class. At the time of Plaintiff's employment, Bear Valley was and is a public entity, with offices in Big Bear Lake, California.

10. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the payment of regular and overtime compensation to the Plaintiff by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11. Defendants operate as a joint venture and/or single business enterprise, and are agents of one another, are alter egos, joint employers and conspire with one another to increase profits by engaging in the conduct described in this complaint.

12. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

13. Plaintiff is informed and believe, and based thereon allege, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also allege the acts of each Defendant are legally attributable to the other Defendants.

14. Plaintiff is informed and believes, and based thereon allege, that each of the Defendants sued herein was, at all relevant times hereto, the employer, owner,

shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above co-Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

## STATEMENT OF FACTS

15. During all, or a portion of the Relevant Time Period, Defendants, jointly, were Plaintiff and the FLSA Collective Class's "employer" within the meaning of the FLSA, section 203, subdivision (d). Defendants exercised control over the manner of Plaintiff and the FLSA Collective Class's employment by specifying the hours Plaintiff and the FLSA Collective Class were permitted to work, and determining whether or not overtime wages would be paid.

16. Throughout Plaintiff's employment with Defendants, Plaintiff was paid on an hourly basis and entitled to certain non-discretionary bonuses, overtime, pay, and shift differentials in pay.

17. The FLSA provides that all hours worked in a week in excess of forty (40) in one week are considered overtime hours. (29 CFR § 778.101.) Under the FLSA, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed." (29 CFR § 778.107.)

18. During the Relevant Time Period, Defendants suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per work week. Thus, all unpaid wages described herein should have been compensated not simply at Plaintiff's regular rate of pay, but at one and one-half times per the FLSA with all renumeration earned by Plaintiff and the FLSA Collective Class during the Relevant Time Period.

19. Plaintiff alleges that from time-to-time during the Relevant Time

Period, Plaintiff and the FLSA Collective Class earned non-discretionary bonuses and shift differential pay and worked overtime compensation for Defendants. Plaintiff alleges that Defendants failed to accurately calculate the non-discretionary bonuses and other shift differential pay into the regular rate of pay for Plaintiff's and FLSA Collective Class' overtime compensation. Defendants' failure to do so has resulted in an underpayment of overtime compensation to Plaintiff and FLSA Collective Class during the Relevant Time Period.

20. As evidenced in Plaintiff's wage statements, Defendants did not include all renumeration in Plaintiff's regular rate when calculating Plaintiff's overtime compensation. For example, during the pay period beginning on December 20, 2020 and ending on January 2, 2021, Defendants paid Plaintiff the following wages at the below rates:

- "Regular": 60 hours at $22.58 per hour;
- "Overtime": 12.75 hours at $33.87 per hour;
- "Double Time": 2.50 hours at $45.16 per hour;
- "Covid 5": 87 hours at $5.00 per hour;
- "Worked Holiday": 11.75 hours at $33.8698 per hour; and
- "2nd Shift Diff": 85.25 hours at $1.28 per hour.

21. Accordingly, Defendants calculated Plaintiff's "Overtime" rate by only paying Plaintiff's one and one-half times Plaintiff's regular rate of $22.58. Defendants failed to include Plaintiff's shift differential pay or "Covid 5" in the calculation of Plaintiff's regular rate for overtime compensation.

22. In addition, Defendants' failure to include all renumeration in Plaintiff's and Class Members' regular rate when calculating is further evidenced in Plaintiff's Earnings Statement Pay Date of August 10, 2018. Defendants failed to include Plaintiff's fifty dollar ($50.00) non-discretionary bonus in her regular rate for the purposes of calculating her overtime rate. Defendants only paid Plaintiff one and one-half times her regular rate. As such, Defendants failed to properly

compensation Plaintiff all overtime wages for this pay period.

23. Plaintiff alleges Defendants has a uniform policy and practice of failing to properly pay Plaintiff and FLSA Collective Class one and one-half times their regular rate in violation of the FLSA.

24. Plaintiff alleges that Defendants were aware of Plaintiff and the FLSA Collective Class's actual renumeration earned by virtue of the wage statements provided by Defendants and each form of compensation earned by Plaintiff and the FLSA Collective Class each pay period. Plaintiff therefore alleges that Defendants willfully violated the FLSA by failing to compensate Plaintiff and the FLSA Collective Class both at the appropriate overtime rate specified by the FLSA for all hours worked in excess of forty (40) per week.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA. (29 USC § 216, subd. (b).) Plaintiff has provided a consent form to be a party plaintiff to this action, attached hereto as Exhibit A.

26. 29 U.S.C. section 207 provides that overtime is to be paid at one and one-half times the employee's regular rate of pay.

27. 29 C.F.R. section 778.315 states:

> *In determining the number of hours for which overtime compensation is due, all hours worked* (see section 778.223) *by an employee for an employer in a particular workweek must be counted.* Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. **This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the**

> ***straight time compensation due him for the nonovertime hours under his contract (express or implied)*** *or under any applicable statute* ***has been paid.*** (29 C.F.R. section 778.315) (emphasis added.)

28. 29 C.F.R. section 778.316 states:

> …Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…. (*see* 29 C.F.R. section 778.316.)

29. 29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (*see* 29 C.F.R. section 778.317.)

30. The proposed FLSA Collective Class is defined as follows:

> All current and former non-exempt employees of Defendants who were not fully compensated for all work performed by Defendants, in the three-year period preceding the filing of this complaint, through entry of judgment.

31. Plaintiff reserves the right to amend the proposed Collective Class description with greater specificity or division into subclasses or limitation to particular issues.

32. Plaintiff and the proposed FLSA Collective Class were and/or are hourly non-exempt employees who were employed under an express and implied contract to receive compensation for all time worked.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. §§ 201, *et seq.*
**(Plaintiff and all similarly situated employees against all Defendants)**

33. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

34. This claim is brought pursuant to 29 U.S.C. section 20, which requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek.

35. 29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

36. 29 C.F.R. section 778.315 states:
>In determining the number of hours for which overtime compensation is due, all hours worked (see section 778.223) by an employee for an employer in a particular workweek must be counted. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight

time compensation due him for the non-overtime hours under his contract (express or implied) or under any applicable statute has been paid. (29 C.F.R. section 778.315) (emphasis added.)

37. 29 C.F.R. section 778.316 states:

…Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…. (see 29 C.F.R. section 778.316)

38. 29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain nonovertime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (see 29 C.F.R. section 778.317)

39. Plaintiff and the FLSA Collective Class worked more than forty (40) hours per week, without being paid the proper overtime pay as required by the FLSA.

40. Neither Defendants and Plaintiff, nor Defendants and any member of the FLSA Collective Class, entered into any agreement, express or implied, pertaining to the payment or non-payment of overtime compensation.

41. Defendants' policies and practices alleged herein violate the FLSA's overtime compensation requirements including, but not limited to, 29 U.S.C. sections 206, 2017 and 29 C.F.R. section 778.315.

42. Defendants' policies and practices, as alleged herein, constitute a

willful violation of the FLSA, within the meaning of 29 U.S.C. section 255. Defendant knew that its conduct violated the FLSA, or showed reckless disregard as to whether its conduct violated the FLSA.

43. As alleged above, Defendants failed to accurately include non-discretionary bonus compensation and other shift differential pay as part of Plaintiff's and FLSA Collective Class' regular rate of pay when calculating their overtime compensation.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

45. During the Relevant Time Period, Defendants suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per work week. Thus, all unpaid wages described herein should have been compensated not simply at Plaintiff's regular rate of pay, but in fact at one and one-half times per the FLSA.

46. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks damages in the amount of all unpaid overtime compensation owed to himself and the FLSA Collective Class, liquidated damages as provided by the FLSA, interest, and such other legal and equitable relief as the Court deems just and proper. (29 USC § 216, subd. (b).)

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1. For nominal damages;

2. For compensatory damages;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For damages, monetary relief, wages, premiums, reimbursements, benefits and penalties, including interest thereon;

5. For restitution of all monies due to Plaintiff and the FLSA Collective

Class, and disgorged profits from the unlawful business practices of Defendants;

6. For liquidated damages;

7. For interest accrued to date;

8. For injunctive relief, enjoining Defendants from further engaging in the unlawful and unfair business practices complained herein;

9. For declaratory relief, declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff and the FLSA Collective Class are entitled;

10. For costs of suit and expenses incurred herein pursuant to the FLSA, Title 29 of the United States Code, section 216, subdivision (b);

11. For reasonable attorney's fees pursuant to the FLSA, Title 29 of the United States Code, section 216, subdivision (b); and

12. For all such other and further relief as the Court may deem just and proper.

Dated: July 29, 2021            MAHONEY LAW GROUP, APC

_____
Kevin Mahoney
John A. Young
Attorneys for Plaintiff Kyana Rampley, individually and on behalf of all employees similarly situated.

## DEMAND FOR JURY TRIAL

Plaintiff KYANA RAMPLEY hereby demands a jury trial on all issues so triable.

Dated: July 29, 2021             **MAHONEY LAW GROUP, APC**

_____
Kevin Mahoney
John A. Young
Attorneys for Plaintiff Kyana Rampley, individually and on behalf of all employees similarly situated.